# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: September 30, 2026

| | | |
|---|---|---|
| MICHAEL MARTINEZ, Petitioner, | * | No. 25-304V |
| v. | * | Special Master Young |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.
*Jay Travis Williamson*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On February 20, 2025, Michael Martinez ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2018) (the "Vaccine Act" or "Program"). Pet., ECF No. 1. Petitioner alleged that as a result of receiving a tetanus-diphtheria-acellular-pertussis ("Tdap") vaccine on September 6, 2022, he suffered Guillain-Barré syndrome ("GBS"). *Id*. On April 6, 2026, the parties filed a joint stipulation, which I adopted as my decision awarding compensation on the same day. ECF No. 28.

On September 16, 2026, Petitioner filed a motion for attorneys' fees and costs. Pet'r's Mot. for AFC, ECF No. 33. Petitioner requests total attorneys' fees and costs in the amount of $29,434.96, representing $28,951.20 in attorneys' fees and $483.76 in attorneys' costs. Pet'r's

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

Mot. for AFC at 2. Petitioner states that he did not personally incur any fees or costs related to the prosecution of his petition. *Id*.; *see* ECF No. 34. Respondent responded to the motion on September 18, 2026, stating that he does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date. Resp't's Resp. at 1, ECF No. 35. Petitioner did not file a reply thereafter.

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable.[3]

**Accordingly, I award Petitioner a lump sum in the amount of $29,434.96 (representing $28,951.20 in attorneys' fees, and $483.76 in attorneys' costs), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

[3] This award should not be construed as an acceptance of the hourly rates requested, the number of hours billed, or other litigation related costs.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.